UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES, | No.  2:20-cv-0861 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that he is being denied the benefit of custody credits because the California Department of Corrections and Rehabilitation (CDCR) is closed to intake.  Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2), motion for immediate release (ECF No. 5), and his complaint for screening (ECF No. 1).  For the reasons set forth below, the court will recommend that plaintiff's motion to proceed in forma pauperis be denied as moot, that his motion for immediate release be denied, and the complaint be dismissed without leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). (See ECF No. 2.)  Nevertheless, because the

////

1

undersigned recommends dismissal of this action without leave to amend, the court further recommends that plaintiff's request to proceed in forma pauperis be denied as moot.

## SCREENING

### I.     Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.
Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff alleges the judge presiding over his case in the Hanford Superior Court, "awarded [him] halftime day for day credits" upon his placement in CDCR. (ECF No. 1 at 3.) He claims that he is being held hostage in the Hanford County Jail rather than being held in a CDCR institution where his credits would be calculated differently. (Id.) Plaintiff alleges the deprivation of day-for-day credits amounts to a violation of his rights under the Eighth Amendment. Plaintiff has identified CDCR and CDCR Secretary Ralph Diaz as defendants in this action. (Id. at 1.) Plaintiff seeks monetary compensation for each day he has been held in jail rather than in CDCR custody and immediate release. (Id. at 3, 6.)

**III.     Does Plaintiff State a Claim under § 1983?**

    **A. Plaintiff Cannot Challenge the Duration of Confinement in a § 1983 Action**

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; request for relief turning on the circumstances of confinement may be presented in a § 1983 action." Id. (internal citation omitted). Here, plaintiff's claim relates to the length of his confinement. Accordingly, his sole federal remedy is by way of a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 574, 489 (1973) ("Release from custody is not an available remedy under the Civil Rights Act"); Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1989) ("Where prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus.").

"[T]o the extent plaintiff challenges his credit calculation and overall length of confinement, such a claim fails in a § 1983 case as a matter of law, unless he was able to have the credit determination overturned through a habeas action first." Clinton v. Calif. Dep't of Corr., No. 05-cv-1600 LKK CMK P, 2013 WL 5718739 at *10 (E.D. Cal. Oct. 18, 2013), reversed in part on other grounds by Clinton v. Cooper, 781 Fed.Appx. 582 (9th Cir. 2019). Additionally, the court notes that plaintiff does not have an interest in transfer to any specific prison, even where he alleges that such a transfer would afford him credit earning opportunities. Jimenez v. Ruelas, 308 Fed.Appx. 155 (9th Cir. 2009).

    **B. Plaintiff has Alleged Only a State Law Violation**

Federal habeas challenges to CDCR's awarding and calculation of custody credits are regularly rejected as non-cognizable by the district courts. See, e.g., Grandberry v. Soto, 2016 WL 8732426 at *4 (C.D. Cal. June 15, 2016); McClellan v. Valenzuela, 2016 WL 7374580 at *10 (E.D. Cal. Dec. 19, 2016); Jones v. Director of Corrections, 2017 WL 2839623 at *5 (S.D. Cal. June 30, 2017). While a state sentencing error may entitle a petitioner to federal habeas relief, if the error is "'so arbitrary or capricious as to constitute an independent due process or

4

Eighth Amendment violation.'" Richmond v. Lewis, 506 U.S. 40, 50 (1992) holding modified by Brown v. Sanders, 546 U.S. 212 (2006) (citation omitted). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994). The allegations in the complaint do not show such an error.

Plaintiff's allegations are not cognizable as either a civil rights action or petition for writ of habeas corpus. Therefore, the court finds that leave to amend should not be granted. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely").

## MOTION FOR IMMEDIATE RELEASE

Plaintiff filed a motion seeking his immediate release from custody. (ECF No. 5.) Plaintiff's claims he should be released immediately because CDCR is closed for intake due to a state of emergency and the CDCR director is not giving him halftime credits. The court construes plaintiff's motion for release as a motion for injunctive relief.

**I.    Legal Standards**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the

////

1  "serious questions" version of the sliding scale test for preliminary injunctions remains viable
2  after Winter).

3       The principle purpose of preliminary injunctive relief is to preserve the court's power to
4  render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R.
5  Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is
6  that the relief awarded is only temporary and there will be a full hearing on the merits of the
7  claims raised in the injunction when the action is brought to trial.  Preliminary injunctive relief is
8  not appropriate until the court finds that the plaintiff's complaint presents cognizable claims.  See
9  Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court
10 may issue an injunction if it has personal jurisdiction over the parties and subject matter
11 jurisdiction over the claims . . . .").

12      In cases brought by prisoners involving conditions of confinement, any preliminary
13 injunction must be narrowly drawn, extend no further than necessary to correct the harm the court
14 finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."
15 18 U.S.C. § 3626(a)(2).  Further, an injunction against individuals not parties to an action is
16 strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110
17 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in
18 which he is not designated as a party . . . .").[1]

19      Further, preliminary injunctive relief is not appropriate until the court finds that the
20 plaintiff's complaint presents cognizable claims.  See Zepeda v. United States Immigration Serv.,
21 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal
22 /////
23

---

24 [1] However, the fact that injunctive relief is sought from one not a party to litigation does not
25 automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 16519(a) permits
the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the
26 usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and
preservation of its jurisdiction.  Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir.
27 1979).  The United States Supreme Court has authorized the use of the All Writs Act in
appropriate circumstances against persons or entities not a party to the underlying litigation.
28 United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine the rights of persons not before the court.").

## II. Analysis

As set forth above, the complaint should be dismissed without leave to amend. Therefore, the court finds plaintiff cannot show he is likely to succeed on the merits. Accordingly, it will recommend that plaintiff's request for immediate release be denied.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court is ORDERED to randomly assign this action to a district judge.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's complaint (ECF No. 1) be dismissed without leave to amend; and

3. Plaintiff's motion for immediate release (ECF No. 5) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 1, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/barn0861.scrn+

7